Filed 8/25/14  P. v. Korol CA4/1
Opinion following rehearing

OPINION ON REHEARING

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065069 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN310266) |
| PERRY KOROL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, K. Michael Kirkman, Judge.  Affirmed and remanded with directions.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In November 2012, Perry Korol entered a negotiated guilty plea to nine counts of residential burglary (Pen. Code, §§ 459, 460; counts 1, 8-15).  In August 2013, the court sentenced him to prison for a stipulated term of eight years eight months:  the two-year

lower term on count one; consecutive terms of 16 months (one third the middle term) on counts 8 through 12; and concurrent two-year lower terms on counts 13 through 15.[1] Korol appeals. We affirm the judgment and remand the case for correction of the abstract of judgment.

## BACKGROUND

Korol entered a hotel room, rented by a resident, with the intent to commit theft, on nine separate occasions.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738 counsel mentions as possible, but not arguable, issues: (1) whether the court abused its discretion by refusing to permit Korol to withdraw his plea on the basis of ineffective assistance of counsel; (2) whether the court abused its discretion by denying Korol's request to represent himself at sentencing; and (3) whether the court abused its discretion by denying his *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118).

We granted Korol permission to file a brief on his own behalf. He has responded and we have reviewed his brief. A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders* and the issues raised by Korol, has

---

[1]    The abstract of judgment erroneously refers to the two-year sentences on counts 13 through 15 as middle terms. We order the abstract of judgment corrected accordingly.

2

disclosed no reasonably arguable appellate issues. Korol has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect that the two-year sentences on counts 13 through 15 are lower terms and to forward the corrected abstract to the Department of Corrections and Rehabilitation.

McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

BENKE, J.